DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS,

## DURING THE YEAR 1904.

---

### Mary N. Gaston v. Modern Woodmen of America.

#### Gen. No. 4,336.

1. LIMITATION BY CONTRACT—*how presented by way of defense.* If a contract provides that any action thereon must be brought within a specified time, a plea should be interposed setting up such provision.

2. COMMON-LAW RECORD—*what not part of.* A stipulation filed in a case is not a part of the common-law record.

3. PLEA—*what will not aid defective.* A plea if defective cannot be aided by stipulation as to the facts of a cause.

Action of assumpsit. Error to the Circuit Court of Warren County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904. Rehearing denied October 5, 1904.

C. A. McLAUGHLIN and SAFFORD & GRAHAM, for plaintiff in error.

TRUMAN PLAUTZ and HANNA & CLENDENIN, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

In this action brought by Mary N. Gaston upon a beneficiary certificate issued by the Modern Woodmen of America and payable to her upon the death of her husband, the court overruled a demurrer interposed by plaint-

(291)

iff to defendant's sixth plea, and after replying thereto plaintiff withdrew an amended replication and elected to abide by her demurrer to said sixth plea. Defendant thereupon had judgment against plaintiff upon said plea. She has sued out this writ of error to review said judgment. While other pleadings appear in the record, the errors assigned only question the sufficiency of the sixth plea, upon which alone the judgment is based.

The substance of the sixth plea is only that the supposed cause of action accrued to plaintiff more than one year prior to the commencement of the suit. The suit was upon a written contract, and no statute required it to be begun within one year after the cause of action thereon accrued. If the laws of the order required suit to be begun within one year, they should have been set out and relied upon in the plea, and this was not done. Defendant asserts there is on file in the court below a stipulation between the parties as to certain facts in the case, including a certain by-law of defendant, under which this plea would be good. We have already denied a motion by defendant for leave to file a copy of part of said stipulation, certified by the clerk to be a true copy of part of a paper on file in the court below, the controlling reasons being that stipulations on file in a common law case are not a part of the record unless embodied in a bill of exceptions signed by the trial judge, and that the sufficiency of a plea cannot be determined by a stipulation as to the proof. If this plea had duly set out and relied upon the supposed by-law, it may well be the stipulation in question would have aided in proving the truth of the plea, and would have obviated the necessity for defendant to produce some formal proof of the due adoption of the by-law. But a stipulation as to the facts in a case cannot avail to make a plea good which does not set out or rely upon those facts. The sixth plea does not state a defense to this action, and the court erred in overruling the demurrer thereto and in rendering judgment.

The judgment is therefore reversed and the cause remanded.                    *Reversed and remanded.*